IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BARBARA ALICE LINDSAY              )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Case No. CIV-21-249-STE
                                    )
KILOLO KIJAKAZI,                    )
Acting Commissioner of the          )
Social Security Administration,     )
                                    )
    Defendant.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge

(ALJ) issued an unfavorable decision. (TR. 13-24). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between August 1, 2016—the amended onset date through June 30, 2017—the date last insured. (TR. 16). At step two, the ALJ determined Ms. Lindsay suffered from numerous medically determinable impairments, but that none of them were severe. (TR. 17). Thus, at step two, the ALJ ended his evaluation and concluded that Ms. Lindsay was not disabled. (TR. 24).

## III. ISSUES PRESENTED

On appeal, Ms. Lindsay alleges: (1) error at step two, (2) error at step four, (3) error in evaluating Plaintiff's subjective allegations, and (4) constitutional error.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t]

evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.     ERROR AT STEP TWO

At step two, the ALJ recognized a number of impairments that he deemed "medically determinable," but ultimately the ALJ concluded that Ms. Lindsay did not suffer from any impairment or combination of impairments that qualified as "severe"—i.e.—that significantly limited her ability to perform basic work-related activities for twelve consecutive months. (TR. 17). Plaintiff alleges that the step two finding lacks substantial evidence with regards to her lumbar and cervical spine impairments. (ECF No. 16:6-12).[1] The Court agrees.

---

[1] Ms. Lindsay also argues that her diabetic neuropathy should have been considered severe. *See* ECF No. 16:8-9. But the Court need not decide this issue as remand is appropriate based on the ALJ's failure to properly evaluate the lumbar and cervical spine impairments. *See infra*.

### A. Standard at Step Two

At step two, the agency determines whether the claimant's alleged impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c). An impairment or combination of impairments is severe if it "significantly limits her ability to do basic work activities." *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007) (internal citations omitted).

The SSA regulation that governs the determination of severity at step two is designed to screen out only those claimants with "impairments of a minimal nature which could never prevent a person from working." SSR 85-28, 1985 WL 56856, at *2 (1985) (internal citation and quotation omitted); *see Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring) (noting that Step two is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.").

Given the purpose behind step two, "case law prescribes a very limited role for step two analysis." *Lee v. Barnhart*, 117 F. App'x 674, 676–77 (10th Cir. 2004) (unpublished). At step two, the claimant has the burden of proof to show that he or she has an impairment severe enough to interfere with the ability to work. *Bowen*, 482 U.S. at 146–54. Although the claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden at step two is a *de minimis* showing of impairment, *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (internal citation omitted); *see also Lee*, 117 F. App'x at 677 ("a claimant

need only make a 'de minimus' showing of impairment to move on to further steps in the analysis."); BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "de minimis" as "trifling" or "negligible"). A plaintiff must provide objective evidence in the form of signs or laboratory findings as defined above " 'sufficient to suggest a reasonable possibility that a severe impairment exists.' " *Bryant v. Barnhart,* 2002 WL 1272243, at * (10th Cir. 2001) (quoting *Hawkins v. Chater,* 113 F.3d 1162, 1167 (10th Cir. 1997)). In other words, "'the starting place [is] the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Id.* The determination of whether an impairment is severe at step two "is based on medical factors alone, and does not include consideration of such vocational factors as age, education, and work experience." *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (internal citation and quotation omitted).

If there is medical evidence consisting of such objective evidence, *i.e.* signs, symptoms, and laboratory findings establishing an impairment, the issue then becomes whether the claimant has made "a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities, i.e., 'the abilities and aptitudes necessary to do most jobs.' " *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir. 1988). Basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations;

and dealing with changes in a routine work setting." *Id.* at *3; *see also Langley*, 373 F.3d at 1123.

The ALJ must carefully evaluate the medical evidence to assess how the claimant's impairment or combination of impairments impacts her ability to do basic work activities. SSR 85-28, 1985 WL 56856, at *4. The ALJ may make a finding of non-severity at step two only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352. SSR 85-28 requires that the evidence "clearly establish[ ]" that the impairment is not severe. The ruling reads, in pertinent part:

> A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are **not** medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not **clearly established** by medical evidence, however, adjudication must continue through the sequential evaluation process.

SSR 85-28, 1985 WL 56856, at *3 (emphasis added). "Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued." *Id.* at *4.

### B. Error in the Consideration of Plaintiff's Lumbar and Cervical Impairments

Plaintiff cites the following evidence in support of her claim that her lumbar impairment qualifies as "severe:"

- A 2013 MRI which revealed a bulging disc at L4-5 and L5-S1 as well as moderate L4-5 and severe L5-S1 spinal stenosis;

- Plaintiff's 2013 lumbar spine surgery which involved:

    1. Posterior nonsegmental instrumentation at L5-S1 using plates and screw;

    2. Bilateral L5-S1 laminotomy and medial facetectomy; and

    3. Structural allograft bone;

- Examinations from 2012-2016 which revealed tenderness to palpation of the left greater than the right trapezius and levator scapulae; tenderness to palpation of the left greater than right quadratus lumborum and gluteal regions. Pain with facet loading /lumbar extension and rotation; weak positive seated-slump straight leg raise left greater than right, supraspinatus pain and weakness with resistance testing; pain with FABERS testing referring to ipsilateral SI joints and decreased sensory in the left S1 distributions; and chronic radicular lumbar pain;

- An examination from 2016 which revealed tenderness with palpation of the right thoracic and upper lumbar area;

- 2017 examinations which revealed decreased range of motion in the back; pain with range of motion in the back, and palpable tenderness in the back.

(ECF No. 16:6-7).

In discussing the non-severity of the lumbar spine impairment, the ALJ acknowledged:

- The 2013 MRI and its findings;

- Plaintiff's 2013 lumbar surgery; and

- The 2012-2016 examination findings (except for pain with FABERS testing referring to ipsilateral SI joints).

7

(TR. 20). However, the ALJ did not discuss the 2016 and 2017 examinations which revealed tenderness with palpation of the right thoracic and upper lumbar area; decreased range of motion in the back; pain with range of motion in the back, and palpable tenderness in the back. *See* TR. 20.

In support of her claim that the cervical impairment is severe, Plaintiff cites:

- Records from 2012-2016 which show chronic cervical radiculopathy treated with epidural steroid injections and which revealed limited range of motion in the cervical spine; cervical spinal tenderness; cervical paraspinal muscle spasm; and bilateral trapezius tenderness;
- A 2016 MRI which released mild to moderate multilevel degenerative disc disease including mild to moderate size diffuse annular disc bulge at C4-5 and C5-6 with bilateral foraminal disc osteophyte complexes; and
- 2017 examinations which showed decreased range of motion in the neck; and palpable tenderness in the neck.

In discussing the non-severity of the cervical spine impairment, the ALJ acknowledged the 2016 MRI and decreased range of motion and tenderness in the neck, as well as associated numbness in her left hand, but cited an examination record that reflected "normal gait, negative straight leg raise, and five out of five muscle strength." (TR. 20).

In arguing that the lumbar and cervical impairments were "severe," Plaintiff relies significantly on records from Dr. Zachary Berry. *See* ECF No. 16:6-8. To be fair, the ALJ provided a thorough explanation regarding why he disallowed the admission of that evidence. *See* TR. 14. However, aside from Dr. Berry's records, significant evidence exists

during the insured period which would support a finding that Plaintiff had met the "de minimus" burden of proof in establishing severe lumbar and cervical impairments.

For example, the record contains extensive evidence documenting Plaintiff's treatment from Dr. Miguel Sabedra for lumbar and cervical pain. Dr. Sabedra documented Plaintiff's chronic neck and back pain which was described as aching, dull, throbbing, sharp, shooting, gnawing, stabbing, and constant. *See* TR. 655-656, 674-680, 687, 692-694, 704-706, 716-717, 731, 779-781, 787-798, 797-802, 810-812, 828-830, 839-843, 1019-1020-1033, 1042, 1050, 1058, 1064, 1079, 1083, 1088, 1136. On examination, Dr. Sabedra noted decreased range of motion in Plaintiffs cervical and lumbar spines, along with pain and tenderness upon palpation and pain radiating from Plaintiff's neck into her shoulders and upper back. *See id.* The pain was exacerbated by prolonged standing, sitting, walking, neck rotation, twisting, bending and bearing down. *See id.* Dr. Sabedra treated Plaintiff's lumbar and cervical pain with Hydrocodone, Flexeril, Robaxin, Ibuprofen, Lidoderm patches, and steroid trigger point injections. *See id.*

The Tenth Circuit has made it clear that a claimant must only make a "de minimis" showing of a severe impairment at step two—a "nondemanding standard." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). In addition, an ALJ may deny a claim at step two only if the medical evidence clearly establishes that a claimant's impairments "do not have more than a minimal effect on the [claimant's] physical or mental ability(ies) to perform basic work activities." SSR 85-28, 1985 WL 56856, at *3 (1985). "If . . . the claimant presents medical evidence and makes the de minimis showing of medical

severity, the decision maker proceeds to step three." *Williams,* 844 F.2d at 751. Here, the Court finds that Ms. Lindsay has presented evidence sufficient to satisfy her burden at step two. *See Hill v. Astrue*, 289 F. App'x 289, 292, 2008 WL 3339174, at *2 (10th Cir. 2008) (a finding of pain coupled with evidence that Plaintiff was taking prescription medication was sufficient to satisfy the "*de minimus"* standard at step two); *Wilkins-Scott v. Berryhill*, No. 16-1123-SAC, 2017 WL 1197650, at *5 (D. Kan. Mar. 31, 2017) (findings that claimant had a "limited range of motion in her hands and knees, and some stiffness present on movement," was considered "undisputed medical evidence . . . sufficient to meet the threshold for a severe impairment at step two."); *Kemper v. Astrue*, No. 10-CV-02237-WYD, 2012 WL 2190817, at *5-*6 (D. Colo. June 14, 2012) (objective evidence in the form of an MRI documenting claimant's back impairment, along with evidence of pain and limited range of motion in claimant's cervical and lumbar spine was sufficient to satisfy step two).

While this Court must affirm the ALJ's decision if it is supported by substantial evidence, SSR 85-28 requires the Court to "determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Ms. Lindsay] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). In support of his finding that the lumbar impairment was not severe, the ALJ cited a record from Dr. Berry documenting "no gross abnormalities, normal gait, and five out of five strength in the bilateral lower extremities." (TR. 20, *citing* TR. 290). This was the only record cited by the ALJ in discounting the

lumbar spine impairments, yet the ALJ had, himself, explicitly stated he would not consider such evidence. *See supra*; see TR. 14.

In support of his finding that the cervical spine impairment was not severe, the ALJ cited examination records that reflected "normal gait, negative straight leg raise, and five out of five muscle strength." (TR. 20). However, one of the records that ALJ cited also stated that Ms. Lindsay had "decreased range of motion: in neck forward flexion and extension, in lumbar back with flexion, with extension, with bilateral lateral flexion; pain with range of motion: in neck forward flexion and extension; in lumbar back with flexion, with extension, [and] with bilateral flexion." (TR. 840). Because the ALJ's sole rationale for discounting the severity of the cervical spine impairment was contradicted by additional evidence in the very record he cited, the Court must find that the rationale lacked substantial evidence.

The ALJ applied the wrong legal standard and erred in denying Ms. Lindsay's claim at step two. Because Plaintiff "present[ed] medical evidence and ma[d]e[ ] the de minimis showing of medical severity, the decision maker [should have] proceed[ed] to step three." *Williams*, 844 F.2d at 751. Because the ALJ did not proceed to the other steps of the sequential evaluation process, remand is required.

## VI.   PLAINTIFF'S REMAINING ALLEGATIONS OF ERROR

In her remaining allegations of error, Ms. Lindsay argues: (1) the ALJ failed to properly assess her subjective allegations at step two, (2) the ALJ erred in failing to assess Plaintiff' residual functional capacity, and (3) the decision was constitutionally defective

as it was decided by an ALJ, the appointment of whom violated the Separation of Powers clause of the United States Constitution. (ECF No. 16:13-16). On remand, the ALJ shall consider Plaintiff's subjective allegations at step two in accordance with 20 C.F.R. § 404.1529(d)(1) & SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The Court declines consideration of Plaintiff's remaining two issues based on the ordered remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on January 31, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE